**THOMPSON HINE LLP**
Riccardo M. DeBari
300 Madison Avenue, 27th Floor
New York, NY 10017
T: (212) 344-5680
F: (212) 344-6101
Riccardo.DeBari@ThompsonHine.com
*Attorney for Third-Party Defendant Ford Motor Co.*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### (Newark Division)

| | |
|---|---|
| MEDITERRANEAN SHIPPING COMPANY (USA) INC., as agent for MSC MEDITERRANEAN SHIPPING COMPANY S.A., <br><br> Plaintiff, <br> v. <br><br> GLOBAL SHIPPING SERVICES LLC, <br><br> Defendant/Third-Party Plaintiff, <br> v. <br><br> FORD MOTOR COMPANY, <br><br> Third-Party Defendant. | Case No. 2:23-cv-22663-CCC-MAH <br><br> JUDGE CLAIRE C. CECCHI <br><br><br> **THIRD-PARTY DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS THIRD-PARTY PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) and FED. R. CIV. P. 12(b)(6)** |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND ............................................................................................... 2

LAW AND ARGUMENT .................................................................................................... 4

I.    THERE IS NO PERSONAL JURISDICTION OVER FORD IN NEW JERSEY. ........ 4

    A.    Legal Standard for Personal Jurisdiction. ............................................................. 4

    B.    General Jurisdiction: Ford is Not "At Home" in New Jersey. ............................. 5

    C.    Specific Jurisdiction: Ford Did Not Direct Activities to New Jersey Related to GSS's Claims. ................................................................................................................... 6

II.    GSS FAILS TO STATE A CLAIM AGAINST FORD UNDER FED. R. CIV. P. 12(B)(6). 9

    A.    Standard of Review. .............................................................................................. 9

    B.    GSS Fails to Plausibly Allege Claims Against Ford. ......................................... 10

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 9, 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 10

*BNSF Ry. v. Tyrrell*,
  137 S. Ct. 1549 (2017) ............................................................................................ 5, 8

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) .................................................................................................. 9

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) .................................................................................... 3

*Cunningham v. Capital Advance Sols., LLC*,
  2018 U.S. Dist. LEXIS 197590 (D.N.J. Nov. 20, 2018) ........................................... 7

*Daewoo Int'l Corp. v. Sea-Land Orient Ltd.*,
  32 F. Supp. 2d 705 (D.N.J. 1998) ............................................................................ 11

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .................................................................................................. 5

*Danziger & De Llano, LLP v. Morgan Verkamp LLC*,
  948 F.3d 124 (3d Cir. 2020) ............................................................................. 4, 6, 8

*Davis v. Wells Fargo*,
  824 F. 3d 333 (3d Cir. 2016) ..................................................................................... 9

*Decker v. Circus Hotel*,
  49 F. Supp. 2d 743 (D.N.J. 1999) .............................................................................. 4

*Dzielak v. Whirlpool Corp.*,
  Civ. No. 12-89, 2018 U.S. Dist. LEXIS 218775 (D.N.J. Dec. 21, 2018) .................. 4

*E.B. v. Howard Johnson by Wyndham Newark Airport*,
  2023 U.S. Dist. LEXIS 231401 ................................................................................ 10

*Henry Heide, Inc. v. WRH Prods. Co., Inc.*,
  766 F.2d 105 (3d Cir. 1985) ...................................................................................... 4

*Huzinec v. Six Flags Great Adventure, LLC*,
   No. 16-2754, 2018 U.S. Dist. LEXIS 68295 (D.N.J. April 24, 2018)...................................4, 6

*IMO Indus., Inc. v. Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998)...............................................................................................4

*Malik v. Cabot Oil & Gas Corp.*,
   710 F. App'x 561 (3d Cir. 2017) .......................................................................................5

*Malik v. Cabot Oil & Gas Corp.*,
   710 Fed. App'x. 561 (3d Cir. 2017)...................................................................................5

*N. Am. Elite Ins. Co. v. Gen. Aviation Flying Serv.*,
   No. 18-14575, 2020 U.S. Dist. LEXIS 54555 (D.N.J. Mar. 30, 2020).................................7, 8

*O'Connor v. Sandy Lane Hotel Co.*,
   496 F.3d 312 (3d Cir. 2007)...............................................................................................6

*Tier v. Equifax Info. Sys., LLC*,
   2013 U.S. Dist. LEXIS 104144 (D.N.J. July 23, 2013).............................................................5

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
   735 F.2d 61 (3d Cir. 1984).............................................................................................4, 7

*Walden v. Fiore*,
   571 U.S. 277 (2014)........................................................................................................6, 7

**Other Authorities**

FED. R. CIV. P. 12(b)(2).................................................................................................1, 4

FED. R. CIV. P. 12(b)(6)........................................................................................1, 2, 9, 11

## **INTRODUCTION**

This is a tort action arising out of the shipment and disposal of automotive parts in and around February to March 2022. Plaintiff Mediterranean Shipping Company (USA) Inc. ("MSC") sued Defendant/Third-Party Plaintiff Global Shipping Services LLC ("GSS") for damages based on, among other claims, breach of contract. GSS filed a Third-Party Complaint ("Complaint") against Third-Party Defendant Ford Motor Company ("Ford"), claiming that if held liable, GSS is entitled to recovery and contribution from Ford based on a claimed principal-agent relationship. Ford denies GSS's claims and asks the Court to dismiss all claims against it, with prejudice, because: (1) GSS cannot demonstrate general or specific personal jurisdiction over Ford in New Jersey under Federal Rule 12(b)(2); and (2) GSS fails to state a claim upon which relief can be granted under Federal Rule 12(b)(6).

First, United States Supreme Court and Third Circuit precedent confirm that an exercise of personal jurisdiction over Ford in this case would violate Ford's due process rights. A corporation, like Ford, is only subject to general jurisdiction where its connection to the forum state is so systematic and continuous that it is rendered "at home" in New Jersey. For corporations, as stated by the Supreme Court, this is where the corporation is incorporated or where it has its principal place of business. For Ford, neither is the case in New Jersey and it is not "at home" in New Jersey.

Similarly, specific jurisdiction only lies if GSS's claim arose out of Ford's activities in New Jersey. GSS alleges that goods were shipped from Michigan to the port of New York, loaded onto a vessel in New York, transported over the ocean, and then returned to New York. Even if Ford played a part in this, there is no contact with New Jersey—let alone deliberate, purposeful contact *by Ford*—and thus the Court lacks specific personal jurisdiction over Ford.

Second, GSS's Complaint fails to plausibly state a claim because it is clear from the Complaint that GSS has sued the wrong entity. GSS's claims against Ford are premised on its conclusory allegation that GSS acted as an agent of Ford's in all its actions related to the cargo at issue in this case. But the Billing of Lading purportedly attached to GSS's Complaint[1] does not mention "Ford Motor Company" instead listing a separate and unrelated entity, "Sollers Ford LLC." GSS's Complaint cannot survive a Rule 12(b)(6) motion because the "Ford" mentioned on the Bill of Lading refers to Sollers Ford LLC, not Ford Motor Company, and GSS fails to allege any legal relationship between Ford Motor Company and Sollers Ford LLC.

As set forth in further detail below, for these and other reasons, GSS's Third-Party Complaint against Ford Motor Company should be dismissed with prejudice.

## FACTUAL BACKGROUND[2]

GSS's claims against Ford are premised on the conclusory allegations that GSS acted as "a disclosed agent for Ford" with respect to the cargo and shipment at issue in MSC's dispute with GSS. Complaint, ECF No. 13 ("GSS Comp.") at ¶ 17. GSS claims that its liability, if any, should be borne by Ford. *See id.*

GSS alleges that Ford is the original shipper of the cargo and arranged for shipment of the cargo from Michigan to Russia. *See id.* at ¶ 4. GSS, as a logistical agent for Ford, arranged for MSC to provide ocean transportation of the cargo from the Port of New York to the Port of Saint Petersburg in Russia. *Id.* at ¶ 5. In support of these allegations, GSS purportedly attached a Bill of

---

[1] GSS's Complaint alleges at paragraph 7, that a true and correct copy of MSC's Bill of Lading No. MEDUU3939037 was attached as Exhibit A. *See* GSS Comp. at ¶ 7. GSS did not, however, attach or file the copy of Exhibit A with the Court and it does not appear on the Court's publicly-available electronic docket. Ford obtained a copy from GSS's counsel, and a true and correct copy is submitted as Exhibit 1 to the Declaration of Riccardo M. DeBari (cited as "DeBari Decl.").

[2] For purposes of this Motion only, the allegations in GSS's Complaint are presented without contesting their veracity (except where stated). Ford is not admitting the truth of these allegations.

Lading issued by MSC to GSS for the cargo at issue. *See id.* at ¶ 7; DeBari Decl. at Ex. 1. GSS claims that a freight invoice (Number MEDUU3939037) reflects GSS's payment of $3,134.16 to MSC for the transportation. *See* GSS Comp. at ¶ 11[3]; DeBari Decl. at Ex. 2. MSC failed to deliver the cargo to Russia and, after a delay due to discharge in Antwerp, Belgium, ultimately brought the cargo back to the Port of New York and disposed of it. *See id.* at ¶¶ 10, 12–15. MSC filed suit against GSS for "unpaid freight, demurrage and/or detention charges, plus costs and attorneys' fees." *Id.* at ¶ 19.

GSS denies "all liability for MSC's claims." *Id.* at ¶ 20. GSS also alleges that Ford failed to perform several actions regarding the cargo, including taking possession of the cargo at the point of discharge in Belgium or at the point of return in New York; obtaining clearance for the cargo; paying MSC for the expenses that MSC claims; taking any action to address the situation related to the return of the cargo to New York. *See id.* at ¶¶ 15–16. Therefore, if held liable, GSS claims it is entitled to recovery and contribution from Ford. *See id.* at ¶¶ 18, 22. Ford did not take the actions identified by GSS, however, because the shipment and cargo are for Sollers Ford LLC, not Ford Motor Company, as reflected on the Bill of Lading. *See* DeBari Decl. at Ex. 1.

GSS is a New Jersey limited liability company with its principal place of business also in New Jersey. *See id.* at ¶ 1. Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan. Declaration of Kathleen Mary Kahut ("Kahut Decl.") at ¶ 5. Ford did not direct any activities to New Jersey regarding the shipment and cargo alleged in the Complaint. *See id.* at ¶¶ 6–7.

---

[3] As GSS did not attach or file a copy of the freight invoice with its Complaint, Ford obtained a copy from GSS's counsel. A true and correct copy of the freight invoice (Number MEDUU3939037) is submitted as Exhibit 2 to the Declaration of Riccardo M. DeBari. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (when ruling on a motion to dismiss, a district court may consider "the [full] texts of the documents on which [the plaintiff's] claim is based" even if the plaintiff did not attach or explicitly cite those documents).

3

## LAW AND ARGUMENT

I. **THERE IS NO PERSONAL JURISDICTION OVER FORD IN NEW JERSEY.**

    A. **Legal Standard for Personal Jurisdiction.**

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action "when the Court does not have personal jurisdiction over a defendant." *Dzielak v. Whirlpool Corp.,* Civ. No. 12-89, 2018 U.S. Dist. LEXIS 218775, *2 (D.N.J. Dec. 21, 2018). To survive the defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff must present sufficient facts to show that jurisdiction is proper. *See, e.g., Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). A plaintiff may not rely on bare pleadings; it must establish jurisdiction through competent evidence. *Huzinec v. Six Flags Great Adventure, LLC*, No. 16-2754, 2018 U.S. Dist. LEXIS 68295, *6 (D.N.J. April 24, 2018); *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984); *Decker v. Circus Hotel*, 49 F. Supp. 2d 743, 750 (D.N.J. 1999).

To establish that a federal court has personal jurisdiction over a defendant, a plaintiff must show: (1) the forum state's long arm statute permits the exercise of personal jurisdiction; and (2) the exercise of personal jurisdiction comports with federal due process. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Huzinec*, 2018 U.S. Dist. LEXIS 68295 at *7. In New Jersey, the state's long-arm statute, N.J. Civ. Prac. R. 4:4-4, permits the exercise of personal jurisdiction to the extent of due process. *See id.* at 259; *Decker*, 49 F. Supp. 2d at 745. Accordingly personal jurisdiction exists if a defendant maintains "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Henry Heide, Inc. v. WRH Prods. Co., Inc.*, 766 F.2d 105, 108 (3d Cir. 1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted)).

A defendant's "minimum contacts" with the forum state can be established through either general or specific jurisdiction. *Malik v. Cabot Oil & Gas Corp.*, 710 Fed. App'x. 561, 563 (3d Cir. 2017) (citing *Chavez v Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016)); *Bristol-Meyers Squibb Co. v. Superior Court of California,* San *Francisco Cty.,* 137 S. Ct. 1773, 1780 (2017); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Here, GSS's Complaint fails to allege any plausible facts showings that the Court has general or specific jurisdiction over Ford and it should be dismissed for that reason. *Tier v. Equifax Info. Sys., LLC*, 2013 U.S. Dist. LEXIS 104144, *12 (D.N.J. July 23, 2013).

B.  **General Jurisdiction: Ford is Not "At Home" in New Jersey.**

General jurisdiction exists only when a corporation's contacts with the forum state "are so 'continuous and systematic' as to render [it] essentially 'at home' in the forum state." *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG*, 571 U.S. at 137; *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U. S. 915, 919 (2011)). A finding of general jurisdiction will render the defendant subject to suit in the forum state for *any and all* claims, including claims unrelated to the defendant's activities in the forum. *See Daimler,* 571 U.S. at 137. A corporation is "at home" in its state of incorporation or in a state where it has its principal place of business. *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563-64 (3d Cir. 2017); *see also, Daimler*, 571 U.S. at 137; *Bristol-Myers*, 137 S. Ct. at 1780.

Ford is a corporation incorporated in the state of Delaware. *See* Kahut Decl. at ¶ 5. Ford's principal place of business, as GSS alleges, is located in Michigan. *See id.*; *see also* GSS Comp. at ¶ 2.[4] GSS does not allege that Ford has now, or has had, any continuous and systematic contacts

---

[4] GSS alleges that Ford has its principal place of business in Livonia, Michigan (GSS Comp. at ¶ 2) but that is inaccurate; Ford's principal place of business is in Dearborn, Michigan. *See* Kahut Decl. at ¶ 5. Regardless, it is not in New Jersey.

5

with New Jersey such that it is "at home" in the state. In fact, GSS does *not allege a single fact* about Ford's contacts with New Jersey. Based on GSS's silence, together with the Kahut Declaration, Ford is not subject to general jurisdiction in New Jersey.

    **C.    Specific Jurisdiction: Ford Did Not Direct Activities to New Jersey Related to GSS's Claims.**

Courts may exercise specific jurisdiction over a defendant where the claims alleged arise out of that defendant's contacts with the forum state. *Huzinec*, 2018 U.S. Dist. LEXIS 68295 at *11 (citing *Daimler*, 571 U.S. at 127 and *Bristol-Myers Squib*, 137 S. Ct. at 1785). The Third Circuit applies a three-part test to determine specific jurisdiction, requiring a plaintiff to show with reasonable particularity that: (1) the defendant purposefully directed its activities at the forum state; (2) the plaintiff's cause of action arises out of or relates to those activities; and (3) the exercise of jurisdiction otherwise comports with fair play and substantial justice. *Id.* at 11–12; *Danziger & De Llano, LLP*, 948 F.3d at 129-30; *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Moreover, the minimum contacts analysis is "defendant-focused" and turns on contacts that the "defendant [it]self creates with the forum" state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Thus, a *plaintiff's* contacts with, or presence in, the forum state are irrelevant. *See id.* at 284–85.

As a threshold matter, and as explained more in Part II, *infra*, GSS has failed to allege that Ford had anything to do with the underlying cargo transportation contract. GSS has identified the wrong entity and confused Ford Motor Company with GSS's principal in this transaction, Sollers Ford LLC. *See* GSS Comp. at ¶ 7; DeBari Decl. at ¶ 4 & Ex. 1. Thus, GSS' claims do not relate to any of Ford's contacts with New Jersey—the claims do not even involve Ford.

6

Even if GSS was correct that Ford Motor Company, and not Sollers Ford LLC, was the correct entity, the Complaint lacks particular allegations demonstrating that specific jurisdiction exists over Ford.

First, purposeful contacts for purposes of specific jurisdiction require the defendant's deliberate targeting of the forum state. *Time Share Vacation Club*, 735 F.2d at 65; *N. Am. Elite Ins. Co. v. Gen. Aviation Flying Serv.*, No. 18-14575, 2020 U.S. Dist. LEXIS 54555, *12 (D.N.J. Mar. 30, 2020) (defendant purposefully directed its activities at New Jersey by operating multiple facilities, registering to do business, and contracting to provide services in New Jersey). GSS does not allege that Ford purposefully directed its activities in New Jersey. According to GSS's complaint, the cargo at issue was shipped "from Michigan to Russia," and "the port of loading" was in New York City. GSS Comp. at ¶¶ 4, 9. Nowhere in the Complaint does GSS allege that Ford took *any action*, let alone a deliberate one, in New Jersey.

The only connection between GSS's claims and New Jersey, apparently, is the domicile of GSS itself. A plaintiff's domicile is irrelevant in determining personal jurisdiction over the defendant. *See Walden*, 571 U.S. at 285 ("the plaintiff cannot be the only link between the defendant and the forum"). GSS's bare allegation of an agency relationship (based on its mis-identification of Ford Motor Company instead of Sollers Ford LLC) does not create the necessary jurisdictional contacts for Ford and GSS alleges *no* other facts establishing Ford's contacts with New Jersey. *See Cunningham v. Capital Advance Sols., LLC*, 2018 U.S. Dist. LEXIS 197590, *23-24 (D.N.J. Nov. 20, 2018).[5] GSS fails the first prong of the Third Circuit's three-part test.

---

[5] Further, as shown in the Kahut Declaration, Ford had no contact with New Jersey in regard to the transaction at issue. *See* Kahut Decl. at ¶¶ 6–7.

7

Second, GSS cannot meet its burden to establish that its claims arise out of or relate to Ford's contacts with New Jersey. *See Bristol-Myers*, 137 S. Ct. at 1780 (citations omitted). There must be an affiliation between Ford's activities, if any, in New Jersey and the underlying controversy. *Id*. For tort claims like GSS asserts here, "a closer and more direct causal connection than but-for causation" between the defendant's contacts with the forum state and the plaintiff's claims must be established. *Danziger & De Llano, LLP*, 948 F.3d at 130. Even when a defendant directed activities to the forum state, courts have found that a plaintiff fails to satisfy the second factor because the "complained-of conduct in which [the defendant] engaged happened entirely" in a different state. *N. Am. Elite Ins. Co.*, 2020 U.S. Dist. LEXIS 54555 at *12-14 (declining to exercise personal jurisdiction over third-party defendant for indemnification and contribution where the third-party plaintiff's claims arise out of and relate to the third party defendant's conduct in Missouri, not New Jersey, despite finding that third-party defendant did direct some activities to the forum state).

Similarly, GSS makes no allegation that its third-party claims against Ford "arise out of or relate to" Ford's activities or conduct in New Jersey. The Bill of Lading provided by GSS indicates that "Place of Receipt" of the relevant cargo is "Detroit, MI," and the "Port of Loading" is "New York, NY." DeBari Decl. at Ex. 1. GSS alleges in its Complaint that "Ford failed to take possession or delivery of its cargo either when it was discharged originally in Antwerp or when it was returned to New York." *Id.* at ¶ 15. Even taking GSS's allegations as true, its cause of action concerns Ford's activities in Michigan, Belgium, or New York—not in New Jersey.

Having failed the first two factors, GSS also fails the third factor. Only after determining "a defendant purposefully established minimum contacts within the forum state" do courts consider "whether the assertion of personal jurisdiction would comport with fair play and

8

substantial justice as required by" the Due Process Clause. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463 (1985). With no contacts in New Jersey alleged, nor any contacts related to the transaction at issue, the Supreme Court's holding in *Burger-King* forecloses any claim by GSS that subjecting Ford to personal jurisdiction in New Jersey could comport with fair play and substantial justice.

GSS's complaint lacks plausible allegations that Ford directed any activities into New Jersey or that GSS's claims arise out of those activities. Even setting aside GSS's misunderstanding of the proper party, GSS's allegations are insufficient to demonstrate that Ford had any contacts with New Jersey; all of the alleged activity occurred in Michigan, Belgium, and New York. As such, exercising personal jurisdiction would not comport with federal due process and GSS's claims against Ford should be dismissed.

## II. GSS FAILS TO STATE A CLAIM AGAINST FORD UNDER FED. R. CIV. P. 12(B)(6).

### A. Standard of Review.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint that "fails to state a claim upon which relied can be granted" should be dismissed. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While the court must accept all factual allegations as true, it need not consider "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F. 3d 333 (3d Cir. 2016); *Iqbal,* 556 U.S. at 678. In addition, the court should consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complaint's claims are based upon these documents." *Davis*, 824 F. 3d at 341 (quoting *Mayer*

*v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010)). To meet the Supreme Court's "plausibility" standard, a complaint must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555.

      **B.    GSS Fails to Plausibly Allege Claims Against Ford.**

GSS has identified the wrong defendant and therefore fails to state a claim against Ford. GSS claims that it acted as Ford's agent in arranging for a shipment of cargo from Michigan to Russia via ocean transportation on MSC's vessel. *See* GSS Comp. at ¶¶ 4–11. GSS claims that Ford, as principal, is responsible for any charges incurred by MSC, not GSS. *See id.* at ¶¶ 18, 21–23. GSS's entire claim is premised on the presence of the word "Ford" on MSC's Bill of Lading. *Id.* at ¶¶ 7–8. But GSS fails to acknowledge that MSC's Bill of Lading identifies the "Ford" entity as "Sollers Ford LLC," not "Ford Motor Company." *See* DeBari Decl. at Ex. 1. Thus, GSS's claim must fail.

New Jersey law provides that "a principal is liable for the tortious acts of an agent acting within the scope of his or her authority." *E.B. v. Howard Johnson by Wyndham Newark Airport*, 2023 U.S. Dist. LEXIS 231401, *42 (quoting *Baldasarre v. Butler*, 132 N.J. 278, 289, 625 A.2d 458 (1993). Crucially, the agent must identify the *correct* principal. *See id.* GSS's Complaint fails to do that and fails to allege any other theory of liability by which Ford would be liable for the underlying cargo shipment or any damages that resulted from that.

GSS's allegations include that it "was acting on behalf of Ford" in all actions related to the cargo at issue. GSS Comp. at ¶ 8. GSS does not, however, correctly identify who "Ford" is. The Bill of Lading identifies only two parties in addition to the vessel owner, MSC: (1) the "Shipper" as "Global Shipping Services LLC NVOCC For Ford" and (2) the "Consignee" as "Sollers Ford LLC," an entity located in Russia. *See* DeBari Decl. at Ex. 1. In international maritime shipping, "NVOCC" refers to a "non-vessel operating common carrier" and generally describes a party, like

10

GSS, that does not operate a shipping vessel or handle cargo but arranges for ocean transportation of the cargo. *See, e.g.*, *Daewoo Int'l Corp. v. Sea-Land Orient Ltd.*, 32 F. Supp. 2d 705, 706 n.1 (D.N.J. 1998). The "Consignee" is the owner of the cargo on whose behalf the NVOCC arranges shipment. *See id.* These common shipping terms establish that GSS was acting for Sollers Ford LLC, not Ford Motor Company, whose name appears *nowhere* on the Bill of Lading. *See* DeBari Decl. at Ex. 1. In addition, both the Bill of Lading and Freight Invoice for this cargo shipment contain the same Bill of Lading and Invoice Number MEDUU3939037 and reference "Ford82," further confirming that Sollers Ford LLC is the correct principal, and that Ford Motor Company is not. *See id.* at Ex. 1-2. Based on this, GSS's Complaint fails to state sufficient allegations to allow the court to "draw the reasonable inference that [Ford Motor Company] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. GSS's claims should be directed to Sollers Ford LLC and the Complaint against Ford Motor Company should be dismissed.

Accordingly, GSS has failed to state a claim upon which relief can be granted against Ford Motor Company and the Third-Party Complaint should be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Third-Party Defendant Ford Motor Company respectfully requests that the Court dismiss the claims filed against it by Third-Party Plaintiff Global Shipping Services LLC.

Dated: May 13, 2024

Respectfully submitted,

/s/ *Riccardo M. DeBari*
Riccardo M. DeBari
Thompson Hine LLP
300 Madison Ave, 27th Floor
New York, NY 10017
Telephone: (212) 344-5680
Riccardo.DeBari@thompsonhine.com
*Attorneys for Third-Party Defendant Ford Motor Company*

11